IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ANDREW RICHARD CUMMINS                                                    PLAINTIFF

          v.                              Civil No. 09-5173

SHERIFF KEITH FERGUSON,
ET AL.                                                                                      DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Andrew Richard Cummins, filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis.*

At the time he filed the case, the Plaintiff was incarcerated at the Benton County Detention Center (BCDC). When the case was opened, Plaintiff was advised that he had an obligation to keep the Court informed of any changes in his address. When he was transferred from the BCDC to the Arkansas Department of Correction (ADC), East Arkansas Regional Unit in June of 2010, Plaintiff advised the Court of the move and a change of address was entered (Doc. 34). When his address changed again in February and in June of 2011, Plaintiff advised the Court of his new address and a change of address was entered (Docs. 52 & 58).

On September 27, 2011, mail was returned to the Court as undeliverable marked return to sender unable to forward. On September 30, 2011, mail was again returned as undeliverable. Court personnel then obtained Plaintiff's home address from the detention center. A change of address was entered on Plaintiff's behalf (Doc. 63) on October 11, 2011. The mail was returned on October 19, 2011, marked attempted not known.

Plaintiff has not contacted the Court since he was released from the Arkansas Department of Correction sometime prior to September 27, 2011. The Court does not have a valid address for

the Plaintiff and has no way to contact the Plaintiff.

    I therefore recommend that this case be dismissed based on Plaintiff's failure to keep the Court informed of his current address and his failure to prosecute this case.

    **The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

    DATED this 15th day of November 2011.

                                               /s/ *Erin L. Setser*
                                                HON. ERIN L. SETSER
                                                UNITED STATES MAGISTRATE JUDGE